Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| RIMCO, LLC<br><br>Recurrente<br><br>v.<br><br>JUNTA DE SUBASTAS DEL MUNICIPIO DE SAN JUAN<br><br>Recurrida | KLRA202400131 | Revisión Judicial Procedente de la Junta de Subastas del Municipio de San Juan<br><br>Subasta Formal Núm.: 2024-018<br><br>Sobre:<br>Impugnación de Subasta Formal |
|---|---|---|

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Mateu Meléndez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de abril de 2024.

El 14 de marzo de este año, RIMCO, LLC (RIMCO o recurrente) sometió ante este Tribunal de Apelaciones un recurso titulado *Recurso de Revisión Judicial,* a través del cual impugna la *Notificación de adjudicación enmendada de la Subasta Núm. 2024-18* para *"Purchase of New Emergency Generators for the San Juan Roberto Clemente Coliseum & San Juan Municipal Office Building Municipality of San Juan, Puerto Rico"*, emitida por la Junta de Subastas del Municipio Autónomo de San Juan (Junta de Subastas). La adjudicación de la subasta impugnada fue concedida a favor de Automatic Equipment, Inc.

En esa misma fecha, la recurrente sometió una *Moción en Auxilio de Jurisdicción*. Esa misma fecha, emitimos *Resolución* en la que declaramos No Ha Lugar la petición de auxilio.

Evaluados los escritos de las partes, y por las razones que más adelante consignamos, desestimamos el recurso de epígrafe.

I.

Se desprende del expediente que la Junta de Subastas publicó un Aviso Público en el que se informó la celebración de varias subastas

Número Identificador

SEN2024 _____

públicas. Entre estas, se encontraba la Subasta Número 2024-18. La reunión Pre-subasta no compulsoria se señaló para el 13 de septiembre de 2023 a la 1:30 p.m.

El 2 de noviembre de 2023, se llevó a cabo el acta de apertura de la subasta. Allí, se recibieron oferta de ocho (8) licitadores.[1] Tras evaluar cada una de ellas, la Junta de Subastas resolvió otorgar la buena pro de la subasta a Automatic Equipment, Inc. (Automatic Equipment). El 29 de febrero de 2024, la Junta de Subastas- mediante correo electrónico- notificó la adjudicación de la subasta. Posteriormente, el 8 de marzo del mismo año, emitió una notificación enmendada de la misma.[2]

Inconforme con tal determinación RIMCO instó el recurso de revisión que nos ocupa y le imputó a la Junta de Subastas error al adjudicar la subasta en favor de Automatic Equipment. Así, argumenta que la oferta de dicha compañía debió ser descalificada por no cumplir con los requisitos técnicos de la subasta. Específicamente discute que los generadores propuestos por Automatic Equipment no están diseñados para utilizarse por tiempo prolongado y continuo, ni ofreció cubierta de protección contra vandalismo y vientos de hasta 160 mph.

---

[1] En orden ascendente de costo de propuesta, los licitadores comparecientes fueron:
  (1) Energy Power Solutions, LLC- Propuesta por $1,710,000.00, con tiempo de entrega de 182 días y 5 años o 2000 horas de garantía;
  (2) González Trading – Propuesta por $1,915,002.00, con tiempo de entrega de 364 días y 5 años o 3000 horas de garantía;
  (3) Automatic Equipment, Inc.- Propuesta por $2,276,100.00, con tiempo de entrega de 364 días y 5 años o 2000 horas de garantía;
  (4) Cummins Caribbean, LLC- Propuesta por $2,625,000.00, con tiempo de entrega de 630 días y 5 años de garantía;
  (5) RIMCO, LLC- Propuesta por $2,858,100.00, con entrega a Diciembre 2024 y 5 años o 2500 horas de garantía;
  (6) RK Power Generator Corp.- Propuesta por $2,863,950.00, con entrega de 175 días para el del Generador # 1, 210 días para el generador #2 y 252 días para el generador #3 y 5 años o 2000 horas de garantía;
  (7) Antilles Power Depot- Propuesta por $3,261,795.00, con tiempo de entrega de 686 días y 5 años o 3000 horas.
  (8) Power Sport Warehouse- Propuesta por $5,043,978.00, con tiempo de entrega de 448 y 5 años o 2000 horas de garantía.

[2] Al comparar ambas notificaciones nos percatamos que la adjudicación de subasta notificada el 29 de febrero de 2024 certificaba que se había archivado copia de un documento distinto al que en efecto se archivaba y notificada. Es por esta razón que se notificó una adjudicación enmendada.

Asimismo, y como ya adelantamos, la recurrente también sometió una moción en auxilio de jurisdicción. En la *Resolución* que se emitió al denegar tal petición, también se le ordenó a la parte recurrida a comparecer para presentar su posición. Allí, advertimos que, de no comparecer en dicho término, dispondríamos del asunto sin el beneficio de su comparecencia.

El 9 de abril de este año, luego de solicitar y obtener una extensión de término para comparecer, el Municipio sometió *Moción en Solicitud de Desestimación* en la que informa que, luego de haber analizado el recurso presentado por RIMCO y la totalidad de las circunstancias, determinó *motu proprio* reevaluar la adjudicación de subasta impugnada dejando sin efecto la misma. Atendido el escrito, concedimos termino a la recurrente para que se expresara al respecto.

El 15 de abril de este año, Automatic Equipment sometió *Moción Informativa Relacionada a "Moción en Solicitud de Desestimación" del Municipio Autónomo de San Juan y Solicitud de Término Adicional para Presentar Alegato en Oposición*, en la que indicó que, pese a lo informado por el Municipio, este no había emitido notificación oficial que dejara sin efecto la adjudicación de la subasta recurrida. Ese día, también sometió *Moción Asumiendo Representación Legal"*. Al día siguiente, por su parte y en cumplimiento con lo ordenado, RIMCO compareció a informar no objetar que se haya dejado sin efecto la adjudicación de subasta.

El 17 de abril de 2024, emitimos *Resolución* en la que le ordenamos al Municipio a evidenciar la cancelación de adjudicación de subasta alegada en su escrito del 9 de abril. En esa misma fecha, el Municipio respondió al escrito sometido por Equipment y sometió copia de *Notificación de Cancelación de la Adjudicación de la Subasta 2024-018, "Purchase of New Emergency Generators for the San Juan Roberto Clemente Coliseum & San Juan Municipal Office Building Municipality of San Juan, Puerto Rico."*

II.

La jurisdicción es el poder o autoridad con el que contamos los tribunales para considerar y decidir los casos y controversias que nos son presentados ante nuestra consideración. Beltrán Cintrón et al. v. ELA et al., 204 DPR 89, 101 (2020); Torres Alvarado v. Madera Atiles, 202 DPR 495, 499-500 (2019). En Puerto Rico, aun cuando los tribunales poseemos jurisdicción general, adquirimos autoridad para entender sobre los asuntos judiciales por virtud de ley. Por tanto, no la podemos atribuir ni las partes no las pueden otorgar.

Acorde con la norma imperante, estamos emplazados a ser fieles guardianes de nuestra jurisdicción y carecemos de discreción para asumirla donde no la hay. Allied Mgmt. Group v. Oriental Bank, 204 DPR 374, 386 (2020); S.L.G. Szendrey-Ramos v. F. Castillo, 169 DPR 873, 882 (2007). Por ende, las cuestiones relativas a la jurisdicción pueden considerarse *motu proprio* o a petición de parte, en cualquier etapa de los procedimientos, incluso en la apelativa. Rosario Domínguez, et als v. ELA, et al., 198 DPR 197, 206 (2017); Ríos Martínez, Com. Alt. PNP v. CLE, 196 DPR 289 (2016).

De otra parte, y en cuanto al recurso de epígrafe, la competencia de este Tribunal de Apelaciones para revisar las actuaciones administrativas está contemplada en la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), Ley 38-2017, 3 LPRA Sec. 9601, *et seq*. A tales efectos, la Sección 4.1 de la LPAU dispone sobre la revisión judicial que las disposiciones de dicha ley serán aplicables a aquellas órdenes, resoluciones y providencias adjudicativas **finales** dictadas por agencias, las que serán revisadas por el Tribunal de Apelaciones mediante Recurso de Revisión. 3 LPRA Sec. 9671.

Por último, es menester mencionar que la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83, la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un

recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

III.

Según relatamos, RIMCO compareció ante este Tribunal de Apelaciones para impugnar la adjudicación de la *Subasta Núm. 2024-18 para "Purchase of New Emergency Generators for the San Juan Roberto Clemente Coliseum & San Juan Municipal Office Building Municipality of San Juan, Puerto Rico"*, emitida por la Junta de Subastas. No obstante, y según antes consignamos, al comparecer ante nos el Municipio de San Juan informó y evidenció que dejó sin efecto la adjudicación de subasta impugnada. Siendo ello así, nos queda claro que no tenemos una determinación que revisar, viéndonos forzados a desestimar el recurso de epígrafe.

IV.

Por todos los fundamentos antes expuestos, desestimamos el recurso de revisión judicial instado por RIMCO por falta de jurisdicción.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones